## R. B. Miller v. Chicago & Eastern Illinois Railroad Company.

1. CONDEMNATION PROCEEDINGS—*Damage to Lands Not Taken— What is Not Included.*—By condemnation proceedings the land owner is awarded such damages to his land not taken, as necessarily results from a proper construction of the road and no more. It is not to be presumed that a railroad company will, in the construction of its road, omit any precaution reasonably necessary to protect the land owner, but should it do so it will be liable for all damage resulting.

2. RAILROADS—*Construction of Embankments.*—The law requires that where an embankment is constructed across a depression in land, suitable and reasonable openings shall be made to permit the escape of accumulating waters, and this condition is implied in the assessment of damages in condemnation proceedings whether such suitable openings for the purposes aforesaid are shown upon the plans and profiles of the work or not.

**Trespass on the Case.**—Overflow of water. Appeal from the Circuit Court of Moultrie County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1894. Reversed and remanded. Opinion filed June 3, 1895.

R. M. PEADRO, attorney for appellant.

W. H. LYFORD, W. J. CALHOUN and H. M. STEELY, attorneys for appellee.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellant brought this action against the appellee to recover for damages sustained by reason of water having

been backed over appellant's land, which was caused, as alleged, by the embankment of the appellee's road. The case was tried by jury, a verdict was rendered for the appellee, and judgment was entered accordingly. The important question in the case arises upon the position assumed by the appellee, that when the right of way was condemned over appellant's land, the damages now claimed were included in the compensation then allowed for damages to land not taken, which was a specific, and the chief, item allowed. In the condemnation proceedings the company produced before the jury a profile showing the depressions of the ground, the grade, and plan of construction of the road as the company proposed to build it. This exhibit showed no opening or culvert in the embankment at the point in question, though it did show such openings at points further north and south. At this point the ground was considerably depressed, quite as much so as at other points where openings were marked. The appellee insisted that having built the road according to this plan and profile, it was not responsible for any loss occasioned to the land owner by reason of the want of an opening in the embankment, because it had bought and paid for the right to build the road in that way.

In other words, the claim is that the company in such case is not chargeable for negligence in the construction of the road, and although good engineering and a due regard for the rights of the land owner may have required an opening by culvert or tile through the embankment, there is no liability.

The Circuit Court accepted this view and so advised the jury by its instructions, which ruling no doubt induced the verdict.

We can not assent to the proposition.

By the condemnation proceedings the land owner was awarded such damages to his land not taken as necessarily resulted from a proper construction of the road, and no more. It was not to be presumed that the company would, in the construction of the road, omit any precaution reasonably necessary to protect the land owner.

In short, the damages awarded, and all that could be awarded, were those unavoidable damages which might occur in spite of a skillful and proper construction of the road.

The law requires that when an embankment is laid across a depression in land, suitable and reasonable openings shall be made to permit the escape of accumulating waters, and this condition is implied in the assessment of damages. Ohio & M. R. R. Co. v. Wachter, 123 Ill. 440; Ohio & M. R. R. Co. v. Thillman, 143 Ill. 127.

This requirement is imposed by statute, but exists independent of it. But it is argued that the appellee was relieved of this legal duty because in its plans and profile no provision was made for an opening at this point. The position is untenable. It does not appear that the attention of the jury was called to the fact that there was to be no drainage at that point, or that there was an avowal of an intention to make no such provision for the escape of surplus water.

Whether the plans showed such opening or not it was to be presumed that the construction would be as the law required, and that all drains reasonably necessary would be put in. Such mere omission in the plan can not operate as a license to construct the embankment in a negligent and unskillful manner. The judgment will be reversed and the cause remanded.